**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA, Plaintiff

v.

APPROXIMATELY 21.17 BTC SEIZED FROM ADDRESS 3JB9jkioXqmKS9AbGZFhFyVPPR35Pla43x, et al., Defendant Property
Civil Action No. 1:26-cv-13515-NMG

# Claimant's Answer to the Verified Complaint for Forfeiture In Rem

Aliasghar Afrouz, appearing pro se, claims ownership of the BTC and ETH at issue and responds to the numbered paragraphs of the Verified Complaint as follows.

## Nature of Action and Background

**1.** Admitted that the United States seeks civil forfeiture of approximately 21.17 BTC and 76.56 ETH associated with Claimant's Coinbase account. Claimant denies that the property is subject to forfeiture.

**2.** Denied. Claimant disputes the alleged connection between his assets and the alleged DPRK scheme and denies that his assets are subject to forfeiture.

**3.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**4.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**5.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**6.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**7.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**8.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**9.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**10.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**11.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**12.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**13.** Denied insofar as the United States alleges that Claimant's assets were criminal proceeds or were involved in laundering. Claimant lacks sufficient information to admit or deny the investigators' tracing methods and results and therefore denies the remaining allegations.

**14.** Admitted that the property at issue consists of BTC and ETH associated with Claimant's Coinbase account. Claimant understands the United States seized the property. He lacks sufficient information to admit or deny the exact seizure date, subsequent transfer, or current custody arrangements and therefore denies those remaining allegations.

**15.** Admitted that Coinbase operates a centralized cryptocurrency exchange and provides trading and custody services. Claimant lacks sufficient information about the particular corporate entity identified in this paragraph and therefore denies the remainder.

**16.** Admitted that Claimant is an Iranian national and was a resident of Spain during the relevant period. Claimant lacks sufficient information about the full contents of Coinbase's records and therefore denies any remaining factual allegations.

### Jurisdiction and Venue

**17.** This paragraph states the United States' legal grounds for jurisdiction.

**18.** Claimant lacks sufficient information to admit or deny the allegations about the location of the alleged acts and omissions and therefore denies those factual allegations.

### Statutory Authority

**19.** This paragraph recites legal authorities. Claimant denies that the cited provisions establish that his property is subject to forfeiture.

**20.** This paragraph recites legal authorities. Claimant denies that the cited provisions establish that his property is subject to forfeiture.

**21.** This paragraph recites legal authorities. Claimant denies that the cited provisions establish that his property is subject to forfeiture.

**22.** This paragraph recites legal authorities. Claimant denies that the cited provisions establish that his property is subject to forfeiture.

**23.** This paragraph recites legal authorities. Claimant denies that the cited provisions establish that his property is subject to forfeiture.

### Virtual Currency Background

**24.** Admitted that Bitcoin and Ether use separate blockchain networks and that their transfers can be recorded on public ledgers. Claimant lacks sufficient information to admit or deny the remaining technical assertions and therefore denies them.

**25.** Admitted that stablecoins are generally designed to track the value of a reference asset. Claimant lacks sufficient information about the remaining technical assertions and therefore denies them.

**26.** Admitted that USDT is a stablecoin designed to track the U.S. dollar. Claimant lacks sufficient information about its reserves or exact value at any given time and therefore denies the remainder.

**27.** Admitted that cryptocurrency addresses identify destinations for transfers and that one user can use multiple addresses. Claimant lacks sufficient information about the remaining generalizations and therefore denies them.

**28.** Admitted that private keys can authorize cryptocurrency transfers. Claimant lacks sufficient information to admit or deny the broader technical assertions in this paragraph and therefore denies the remainder.

**29.** Admitted that cryptocurrency wallets can be used to send and receive cryptocurrency and may use multiple addresses. Claimant used a hardware wallet. He lacks sufficient information to classify all other wallets discussed by the United States and therefore denies the remaining allegations.

**30.** Admitted that hosted wallets are administered by a service provider and that users can control their own unhosted wallets. Claimant lacks sufficient information about any remaining technical assertions and therefore denies them.

**31.** Admitted that Binance and Coinbase are centralized cryptocurrency exchanges. Claimant lacks sufficient information to admit or deny the remaining general and regulatory assertions and therefore denies them.

## Factual Allegations

**32.** Admitted that the Coinbase account was opened in Claimant's name. Coinbase correspondence shows that the account existed by June 29, 2025. Claimant lacks sufficient information to confirm the exact opening date and therefore denies the allegation to that extent. He recalls beginning to use the account for transfers around July 20, 2025.

**33.** Admitted that the BTC address identified in this paragraph was associated with Claimant's Coinbase account. Claimant lacks sufficient information to verify its creation date and therefore denies that allegation.

**34.** Admitted that Claimant personally made five transfers from his own wallet to the Coinbase BTC address on or about July 22–23, 2025, totaling approximately 21.1716 BTC. Claimant lacks sufficient information to verify the precise U.S. dollar valuation alleged and therefore denies that portion.

**35.** Admitted that the ETH address identified in this paragraph was associated with Claimant's Coinbase account. Claimant lacks sufficient information to verify its creation date and therefore denies that allegation.

**36.** Admitted that Claimant personally sent 1 ETH from his own wallet to his Coinbase ETH address on or about July 20, 2025.

**37.** Admitted that Claimant personally made four further transfers from his wallet on or about July 22, 2025. Coinbase notices and Claimant's records support a total of approximately 76.56 ETH for the five transfers. Claimant lacks sufficient information to verify the exact total to the precision alleged or the precise U.S. dollar valuation and therefore denies those portions.

**38.** Coinbase notified Claimant of a separate 0.000669 ETH transfer sent to the same Coinbase ETH address on July 24, 2025, which Coinbase reported as blocked. Claimant does not recall any other transfers beyond the identified transfers and this blocked transfer. Claimant denies the allegation to the extent it excludes the July 24 transfer from the transfers sent to that address.

**39.** Claimant had no contact with Danny Wang or Tony Wang and knew nothing about them. He denies the allegation that his assets are proceeds of the alleged scheme. He lacks sufficient information about the underlying investigation and therefore denies the remaining allegations.

**40.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**41.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**42.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**43.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**44.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**45.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**46.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**47.** Claimant disputes the allegation that his assets were funded by the alleged proceeds. He lacks sufficient information to verify the alleged transfers involving Liu and therefore denies the remaining allegations.

**48.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**49.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**50.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**51.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**52.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**53.** Admitted that the Binance account Claimant used was in the name of Monjur Hossen Abu Taher. The account was temporarily placed at Claimant's disposal and was under his control while he used it. Claimant denies that Reza Mehran controlled that account during that period. Claimant lacks sufficient information about the other accounts or their registration and control and therefore denies the remaining allegations.

**54.** Claimant denies that Reza Mehran controlled the Taher account during the period it was in Claimant's control. Claimant lacks sufficient information about Binance's registration or KYC records and the other accounts and therefore denies the remaining allegations.

**55.** Claimant lacks sufficient information to verify the alleged IP logs or explain any overlap and therefore denies the allegations about the logs. During the period the Taher account was in Claimant's control, no one could access it without his permission.

**56.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**57.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**58.** Admitted that there were transfers involving the identified addresses. The two Bitcoin addresses beginning 3Kcrne and 3BvRoZ were in Claimant's control. Claimant lacks sufficient information to verify the full transaction history or who controlled the third address and therefore denies the remaining allegations.

**59.** Claimant lacks sufficient information to verify the alleged association of the intermediate address with the Bybit theft and therefore denies the allegations. Before transferring his assets to Coinbase, Claimant had no suspicion about their source.

**60.** Admitted that blockchain records can show transactions between addresses. Claimant lacks sufficient information about the government's attribution methods and therefore denies the remaining allegations.

**61.** Claimant denies that Mehran controlled the two BTC addresses beginning 3Kcrne and 3BvRoZ and denies that Claimant's transfers were made for money laundering. Those two addresses were under Claimant's control. Claimant lacks sufficient information to identify who controlled the intermediate address beginning bc1qp9h and therefore denies the allegation as to its control. Al Qanawat initially bought BTC for Claimant. After he raised questions about pricing, he was temporarily given use of the Taher Binance account so he could choose when and at what price to buy BTC using USDT they obtained for him. After withdrawing his assets to

his wallet and ceasing to use the Binance account and before opening his Coinbase account, he sometimes asked Mehran, mainly through WhatsApp voice communications, to provide an address for a transfer and place orders at prices Claimant specified. In May 2025, Claimant personally instructed Mehran to place an order and sent 20 BTC in three transfers to an address Mehran provided. To the best of Claimant's recollection, the later receipt of approximately 20 BTC on May 30 was related to settlement of that order.

**62.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**63.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**64.** Admitted that transfers occurred between Claimant's wallets and the Taher Binance account. Claimant denies that Mehran controlled that account during the period Claimant controlled it. Claimant lacks sufficient information to verify the aggregate amounts, the other accounts' activities, or the complete routing alleged and therefore denies the remaining allegations.

**65.** Admitted that the Taher account was used to trade BTC and USDT and to transfer assets between that account and Claimant's wallets. Claimant placed trades himself while the account was in his control. Claimant denies that Mehran conducted the trading attributed to him during that period. Claimant lacks sufficient information to verify the alleged counts, aggregate totals, and complete routing and therefore denies the remaining allegations.

**66.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**67.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**68.** Claimant acknowledges that the complaint includes Figure 2. He denies that Mehran controlled Claimant's two BTC addresses or the Taher account during the period that account was in Claimant's control. Claimant lacks sufficient information to verify all the flows and valuations shown and therefore denies the remainder.

**69.** Claimant lacks sufficient information to verify whether the alleged 20.68 BTC came from the KHAER account or to verify the source of any balance in the intermediate address and therefore denies those allegations.

**70.** Admitted that Claimant's wallet beginning 3Kcrne received 19.99994722 BTC and a separate 0.679981 BTC from the intermediate address on May 30, 2025. To the best of Claimant's recollection, the approximately 20 BTC receipt related to settlement of his order after he sent 20 BTC to the address provided by Mehran. Claimant lacks sufficient information to verify the alleged upstream origin or the asserted ninety-minute interval and therefore denies the remaining allegations.

**71.** Admitted that Claimant personally transferred approximately 21.1716 BTC from his own wallet beginning 3Kcrne to his Coinbase account on or about July 22–23, 2025.

**72.** Claimant recalls personally buying the principal amount of ETH with USDT in the Binance account that was in his control. He personally sent the ETH to Coinbase from his own wallet. He lacks sufficient information to verify the exact dates and aggregate amount of the earlier transfers alleged from Binance to that wallet and therefore denies that portion. Separately, when Coinbase requested a very small ETH transfer to verify his wallet and Claimant had no ETH available for the test, he asked Mehran to send him 2 ETH so that he could make the test transfer.

**73.** Admitted that a hosted exchange can be used to sell cryptocurrency for fiat. Claimant lacks sufficient information to admit or deny the remaining generalizations and therefore denies them.

## Conclusion

**74.** Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**75.** Denied. Claimant disputes the alleged criminal origin and laundering of his assets. Before transferring the assets to Coinbase, he had no suspicion about their source. When Coinbase restricted the assets, he initially believed the restriction was related to sanctions concerning Iran.

## First Claim for Forfeiture

**76.** Claimant incorporates his responses to paragraphs 1 through 75.

**77.** Denied.

**78.** Denied.

## Second Claim for Forfeiture

**79.** Claimant incorporates his responses to paragraphs 1 through 75.

**80.** Denied, including subparagraphs (a) and (b). Claimant transferred his assets from his own wallet to Coinbase to sell them and raise capital for a family business in Spain.

**81.** Denied.

## Claimant's Position and Requested Relief

Claimant maintains that his assets came principally from the sale of his villa in Iran. He disputes the government's allegation that the BTC and ETH at issue constitute or are traceable to criminal proceeds or were involved in money laundering. To the extent the Court finds that any of the property would otherwise be forfeitable, Claimant asserts the innocent-owner defense under 18 U.S.C. § 983(d) based on his ownership and lack of knowledge of the alleged conduct.

After adjudication, Claimant requests that the Court deny the United States' request for forfeiture and order the return to him of both the seized BTC and the seized ETH.

Respectfully submitted,

/s/ Aliasghar Afrouz
Aliasghar Afrouz, Claimant, Pro Se
Santa Clara Golf, Manzana 2.13, Casa No. 13
Marbella, Málaga, Spain
+34 677 295 914
afrouz.ali@gmail.com
Date: November 12, 2026